IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-02736-NYW

BETH H. RYALS,

    Plaintiff,

v.

AMERICAN FAMILY INSURANCE COMPANY, S.I.,

    Defendant.

## ORDER ON MOTION TO DISMISS

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendant American Family Insurance Company, S.I.'s ("Defendant" or "American Family") Motion to Dismiss (or "Motion") filed September 16, 2020. [#10]. The court considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order of Reference for all purposes [#20]. The court concludes that oral argument will not materially assist in the resolution of this matter. Accordingly, upon review of the Motion and associated briefing, the applicable case law, and being otherwise fully advised, I **GRANT** the Motion to Dismiss.

## BACKGROUND

    The court draws the following facts from the well-pleaded allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations) in the Complaint [#5] and presumes they are true for purposes of the instant Motion.

    Plaintiff Beth H. Ryals ("Plaintiff" or "Ms. Ryals") purchased a residential insurance policy, policy number 05PL140101 ("the Policy"), from Defendant for a property located at 5757 West Long Plaza, Littleton, Colorado 80123 ("the Property"). [#5 at ¶¶ 6, 7, 21]. On or around July 24, 2018, the Property was substantially damaged by a severe, weather-related event. [*Id.* at

¶ 7]. Plaintiff subsequently opened a claim for damage to the Property pursuant to the Policy. [*Id.* at ¶ 8]. Her claim was assigned claim number 00865091728 and Defendant assigned an adjuster to the same. [*Id.*].

Ms. Ryals contends that Defendant erred in estimating the value of Plaintiff's claim by relying on its assigned adjuster's method of investigation and estimation of Plaintiff's loss related to damage to Plaintiff's roofing system. [*Id.* at ¶¶ 9, 10]. Defendant's assigned adjuster, acting as Defendant's authorized agent, [*id.* at ¶ 15], issued an estimate that failed to include all necessary items Plaintiff believes are covered under the Policy—and required under the International Building Code and/or International Residential Code—to place the Property in its pre-loss condition, which Plaintiff claims she is entitled to under the Policy. [*Id.* at ¶ 10]. Because Defendant's estimate did not allow for funds sufficient to cover the cost of repairs to the Property, Defendant undervalued Plaintiff's claim and refused to issue payment for the full cost of a roof replacement. [*Id.* at ¶¶ 11, 12].

As a result of Defendant's refusal to pay portions of Plaintiff's claim, Plaintiff was forced to retain a public adjuster to assess and evaluate the damage to the Property. [*Id.* at ¶ 13]. On July 16, 2019, Plaintiff's public adjuster issued an estimate of repairs for the Property, wherein the public adjuster estimated the damage to the Property to total $102,627.37. [*Id.* at ¶ 13]. In reaching their estimate, the public adjuster allowed for full removal and replacement of approximately 39 squares of tile roofing material and recommended several additional, significant repairs including: removal and replacement of the roof vents, removal and replacement of a drip edge, removal and replacement of flashing, and removal and replacement of valley metal. [*Id.* at ¶ 14]. The public adjuster also estimated the costs associated with necessary repairs to the Property's gutter

downspouts and fencing. [*Id.*]. Defendant did not settle Plaintiff's claim for the amount estimated by Plaintiff's public adjuster. [*Id.* at ¶¶ 12–13].

Believing Defendant's conduct constitutes breach of contract ("Claim One"), bad faith breach of insurance contract ("Claim Two"), and improper denial of claims and remedies for the unreasonable delay or denial of benefits in violation of Colo. Rev. Stat. §§ 10–3–1115 and 10–3–1116 ("Claim Three"), Plaintiff filed her Complaint in Jefferson County District Court on July 24, 2020. *See* [#5]. Asserting diversity of citizenship as the basis for federal subject matter jurisdiction, Defendant subsequently removed this action to the United States District Court for the District of Colorado on September 9, 2020. [#1]. Shortly thereafter, this case was assigned to the undersigned, *see* [#8], and the Parties consented to the jurisdiction of a magistrate judge for all purposes, *see* [#19].

On September 16, 2020, Defendant filed the instant Motion to Dismiss. [#10]. Therein, Defendant seeks dismissal of the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [*Id.*]. Following an extension to do so, Ms. Ryals filed her Response, and Defendant has since filed its Reply. *See* [#14, #16, #17]. The Motion to Dismiss is now ripe for disposition and I consider the Parties' arguments below.

## LEGAL STANDARDS

### I. Rule 12(b)(6)

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova*

3

*v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (internal quotation marks omitted). A plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible."). When considering a 12(b)(6) motion, courts "must consider the complaint in its entirety as well as other sources courts ordinarily examine when ruling on 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference[.]" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). *See also TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1180 (10th Cir. 2007). And as discussed in more detail above, a court "may consider in addition to the complaint, documents incorporated by reference into the complaint . . . and documents plaintiff[] relied upon in bringing suit." *Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013).

## ANALYSIS

In Claim One, Plaintiff alleges that Defendant breached its contractual duties owed to Plaintiff under the Policy by refusing to compensate Plaintiff for her covered loss. Plaintiff's second and third claims for relief allege bad faith insurance claims under Colorado common law and statutory law, respectively. Defendant seeks to dismiss all three of Plaintiff's claims.

In seeking dismissal of Plaintiff's Complaint, Defendant asserts three primary arguments. Specifically, Defendant argues that (1) it acted reasonably as a matter of law by acting promptly to investigate and pay to repair the hail damage to Plaintiff's roof, despite the fact that Plaintiff

4

disputed the value of her claim [#10 at 3–4]; (2) most of Plaintiff's allegations are conclusory [*id.* at 4–5]; and (3) Plaintiff fails to allege any facts to support the basis for her alleged entitlement to the benefits that Defendant allegedly denied [*id.* at 5–6]. In Response, Plaintiff counters that, *inter alia*, this court should deny Defendant's Motion as unripe and potentially moot by the possibility of the filing of an amended complaint. In addition, Plaintiff contends that she has sufficiently pleaded factual allegations to survive a motion to dismiss. I consider each of these issues in turn.

I.      **Ripeness and Mootness of Defendant's Motion to Dismiss**

Plaintiff argues that this court should deny the instant Motion because it "is not ripe for review, and may be rendered moot in the future," given that a deadline for the amendment of pleadings had not yet been set by a scheduling order and "any potential issues contained within Plaintiff's Original Complaint may potentially be remedied in a subsequent amended complaint." [#16 at 2–3]. Plaintiff cites to no authority, other than quoting Federal Rule of Civil Procedure 15(a)(2), to suggest that the vague possibility of an amended complaint—much less speculation that the opposing party will provide written consent or the court will grant leave to the filing of the same—warrants denial of a motion to dismiss the operative complaint in an action. [*Id.*].

Moreover, the Federal Rule of Civil Procedure that Plaintiff does cite expressly provides that a plaintiff may amend their complaint once as a matter of right within 21 days of service of a motion under Rule 12(b). *See* Fed. R. Civ. P. 15(a)(1)(B). Here, Defendant filed a motion under Rule 12(b)(6) by filing the instant Motion to Dismiss. [#10]. But rather than file an amended complaint as a matter of right pursuant to Rule 15(a)(1)(B), Plaintiff filed her Response to the Motion to Dismiss. [#16]. The Scheduling Order entered in this action on November 30, 2020 [#23] provides a deadline for joinder of parties and amendment of pleadings was set for January 14, 2021 [*id.* at 5]. Plaintiff neither filed a motion to amend her Complaint by, nor sought a timely

extension of, the January 14 deadline to do so. Nor does her Response to the Motion to Dismiss give any indication of what additional factual allegations she might offer.[1] Rule 15(a)'s admonition that "leave shall be freely given when justice so requires," is insufficient to warrant amendment. *See Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("A naked request for leave to amend asked for as alternative relief when a party has the unexercised right to amend is not sufficient."). Likewise, the suggestion in a Response that amendment might be possible is insufficient to render a properly filed Motion to Dismiss moot.

This court thus respectfully declines Plaintiff's invitation to deny Defendant's Motion to Dismiss as "not yet ripe for review" or "likely to be rendered moot," [*id.* at 2] and turns now to consider the Parties' substantive arguments.

## II.     Claim One – Breach of Contract

Under Colorado law, a plaintiff asserting a breach of contract claim must plead the existence of a contract, his or her performance under the contract or some justification for nonperformance, defendant's failure to perform, and resulting damage to the plaintiff. *See, e.g., Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

Defendant argues that Plaintiff fails to plead facts sufficient to demonstrate that a full roof replacement was covered by the Policy or allege that her entire roof was damaged by the July 2018 hailstorm. [#10 at 5–6; #17 at 4]. Defendant thus contends that Plaintiff's disagreement concerning the scope of her coverage (i.e., that a full roof replacement was covered under the terms of the Policy)—absent any allegations to support her claim that she is entitled to additional coverage

---

[1] Even if Plaintiff had offered additional supporting facts in support of her Response to the Motion to Dismiss, she would still be required to file a formal Motion to Amend because she cannot amend her operative pleading through a Response to the Motion to Dismiss. *See Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1206 (D. Colo. 2015).

6

beyond that for which Defendant paid her claim—is insufficient to state a claim for relief. [#10. at 6].

In Response, Plaintiff fails to address Defendant's specific arguments for dismissal and instead recites the elements of a breach of contract claim under Colorado law before stating that "Plaintiff's Original Complaint addresses specific instances in which Defendant has breached the insurance contract with Plaintiff," [#16 at ¶ 6 (citing [#5 at ¶¶ 6, 12–14])]. The allegations relied on by Plaintiff in her Response are limited to the following:

> 6. Plaintiff purchased a residential insurance policy (hereinafter referred to as "the Policy"), which insured the property located at 5757 West Long Plaza, Littleton, Colorado 80123 (hereinafter referred to as "the Property") at the time of loss from Defendant.
>
> […]
>
> 12. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.
>
> 13. Defendant's inadequate settlement forced Plaintiff's [sic] to retain a public adjuster to properly assess and evaluate the damage to the property. On or around July 16, 2019, Plaintiff's public adjuster returned an estimate of repairs for the property. The public adjuster estimated the damage to the property to be a total amount of $102,627.37. The public adjuster's estimate stands in stark contrast to Defendant's estimate. Such a gross disparity between the estimates highlights Defendant's bad faith misconduct in conducting an unreasonable investigation and knowingly underpaying the claim.
>
> 14. Plaintiff's public adjuster correctly allowed for a full removal and replacement of all ~39 squares of tile roofing material. The public adjuster recommended several other significant repairs, including, but not limited to: removal and replacement of the roof vents as soft metals cannot be reused under IRC 907.5; removal and replacement of drip edge; removal and replacement of flashing; and removal and replacement of valley metal. Finally, Plaintiff's public adjuster correctly estimated the costs associated with the property's gutter downspouts and fencing repairs.

[#5 at ¶¶ 6, 12–14]. These allegations, read together and taken as true for purposes of the instant Motion, fall far short of what is required to avoid dismissal, even at this juncture.

7

First, Plaintiff does not allege facts sufficient to show that the Policy plausibly covered the full roof replacement recommended by Plaintiff's public adjuster. As discussed below, there are no allegations of what types of repairs Defendant failed to properly include, and there is no reference to the policy language at all. [#5]. And while this court respectfully rejects any suggestion that Plaintiff must set out her complete legal theory regarding liability in the Complaint, "[i]f such an obligation exists in the [Policy], plaintiff fails to identify it, and no such obligation is apparent to the Court." *See Pernick v. Computershare Trust Co.*, 136 F. Supp. 3d 1247, 1266 (D. Colo. 2015) (granting motion to dismiss breach of contract claim asserted under Colorado law for failure to state a claim).

Insofar as Plaintiff might rely on her vague allegation that the "subject insurance contract provided that Defendant would pay for damages," [#5 at ¶ 22], this general allegation is insufficient to survive dismissal because Plaintiff fails to identify a specific provision of the Policy that Defendant allegedly breached. *See Miller v. Metro. Life Ins. Co.*, 17 Civ. 7284 (AT), 2019 WL 4450637, at *5 (S.D.N.Y. Sept. 17, 2019) ("MetLife is correct that, under the law of [Colorado], a plaintiff must identify a specific provision of the contract that the defendant breached.") (citing *Pernick*, 136 F. Supp. 3d at 1266). In other words, Plaintiff fails to allege any specific terms of the Policy to support her conclusory assertion that her damages were covered losses pursuant to the same. This failure warrants dismissal of her claim. *See Snyder v. ACORD Corp.*, 14-cv-01736-JLK, 2016 WL 192270, at *12 (D. Colo. Jan. 15, 2016) ("I will dismiss Plaintiffs' breach of contract claims. . . . Plaintiffs' claims for breach of the insurance policies themselves fail because Plaintiffs have not identified any actual provisions of the policies or explained how Defendants breached them.") (citing *Pernick*, 136 F. Supp. 3d at 1266; *Conagra Trade Grp., Inc. v. Fuel Expl., LLC*, 636 F. Supp. 2d 1166, 1172 (D. Colo. 2009)) (applying Colorado law). *See also Pernick*,

8

136 F. Supp. 3d at 1266 ("Plaintiff fails to identify contractual provisions suggesting [Defendant's alleged obligation] and, as a result, fails to state a claim for breach of contract.") (applying Colorado law); *Miller*, 2019 WL 4450637, at *5; *Rocky Mt. Prestress, LLC v. Liberty Mut. Fire Ins. Co.*, 960 F.3d 1255, 1260 (10th Cir. 2020) (affirming district court's grant of summary judgment in insurer's favor and noting, in part, that "[t]he insured bears the initial burden of demonstrating coverage under the policy") (citing *Rodriguez v. Safeco Ins. Co. of Am.*, 821 P.2d 849, 853 (Colo. App. 1991)).

Even assuming such obligation, there are still insufficient facts to support a breach of such contractual obligation. For instance, there are no factual allegations as to the physical state of the roof. [#5]. In addition, despite the assertion that "Defendant's assigned adjuster's estimate . . . failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in pre-loss condition," there is no identification of any such "necessary items." [*Id.* at ¶ 10]. Similarly, there is no identification of what Defendant included and paid, and what the Defendant's estimate was as compared to the public adjuster's estimate of $102,627.37 to support the assertion that the "stark contrast" alone could establish breach.

Accordingly, I conclude that Ms. Ryals has not alleged facts sufficient to state a claim under Colorado law for breach of contract premised on the Policy issued by Defendant. Defendant's Motion to Dismiss is therefore **GRANTED** in this regard and Claim One of Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim.[2]  Because this

---

[2] Given its conclusion that Plaintiff fails to plausibly allege breach of contract because she fails to identify any specific terms of the Policy entitling her to benefits not provided by Defendant, this court does not reach Defendant's additional arguments, particularly insofar as Defendant alludes to "numerous exclusions in the Policy, including potentially relevant exclusions for matching of new materials to undamaged property, cosmetic damage to soft roof metals, repair to any nondamaged party of a building system, and damages caused by settling or wear and tear," [#10 at 5–6 (citing [#10-4 at 9, 16])]. *Cf. Coonce v. CSAA Fire & Cas. Ins. Co.*, 748 F. App'x 782, 783–

conclusion does not necessarily foreclose Plaintiff's bad faith claims, *see Wagner v. Am. Family Ins. Co.*, 569 F. App'x 574 (10th Cir. 2014) (quoting *Brodeur v. Am. Home Assurance Co.*, 169 P.3d 139, 147 (Colo. 2007)), I turn now to consider whether Plaintiff's second and third claims for relief nevertheless survive dismissal.

## III.     Claims Two and Three – Common Law and Statutory Bad Faith Insurance Claims

Defendant also seeks to dismiss Claims Two and Three for failure to state a claim. Claim Two is a claim for bad faith breach of insurance contract brought pursuant to Colorado common law, and Claim Three is a statutory claim for the unreasonable delay or denial of insurance benefits brought pursuant to Colo. Rev. Stat. §§ 10–3–1115 and 10–3–1116. In Colorado, the statutory and common law bad faith claims relating to insurance are similar but subjected to different legal standards, as set forth in greater detail below.

### A.     Common Law Bad Faith Breach of Insurance Contract

An insurer must deal in good faith with its insured. *Am. Family Mut. Ins. Co. v. Allen*, 102 P.3d 333, 342 (Colo. 2004). "Due to the 'special nature of the insurance contract and the relationship which exists between the insurer and the insured,' an insurer's breach of the duty of

---

84 (10th Cir. 2018) (finding that plaintiff failed to plausibly establish coverage under insurance policy or bad-faith denial of coverage where plaintiff invoked particular provision of policy but did not allege facts to overcome policy's unambiguous exclusions and limitations of coverage). For this same reason, and because Plaintiff fails to cite any specific provisions of the Policy in either her Complaint or Response, the court declines to consider the authenticated copy of the Policy attached to Defendant's Motion in deciding this matter. *Cf. Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013) (on Rule 12(b)(6) motions to dismiss the court "may consider in addition to the complaint, documents incorporated by reference into the complaint . . . and documents plaintiff[] relied upon in bringing suit"). This court will not conduct a comprehensive review of the Policy to advocate on Plaintiff's behalf, particularly in the absence of any such effort by Plaintiff's counsel. *See generally* [#5, #16]. *Cf. Coonce*, 748 F. App'x at 784 & n.1 (affirming district court's dismissal of insured's breach of contract and bad faith claims and noting that insurer attached policy to its motion to dismiss and district court considered it without converting motion into one for summary judgment because policy was integral to and referenced by operative complaint and parties did not dispute policy's authenticity).

10

good faith and fair dealing gives rise to a separate cause of action arising in tort." *Goodson v. Am. Standard Ins. Co.*, 89 P.3d 409, 414 (Colo. 2004) (quoting *Cary v. United of Omaha Life Ins. Co.*, 68 P.3d 462, 466 (Colo. 2003)). To state a common law insurance bad faith claim, the insured must allege facts demonstrating "that (1) the insurer's conduct was unreasonable, and (2) the insurer either had knowledge of or reckless disregard for the fact that its conduct was unreasonable." *Kisselman v. Am. Family Mut. Ins. Co.*, 292 P.3d 964, 970 (Colo. App. 2011) (citing *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1275 (Colo. 1985)). "Whether an insurer has in bad faith breached its duties to an insured is a question of reasonableness; in other words, would a reasonable insurer under the circumstances have denied or delayed payment of the claim under the facts and circumstances." *TAF, L.L.C. v. Hartford Fire Ins. Co.*, 549 F. Supp. 2d 1282, 1289 (D. Colo. 2008) (citation and internal quotation marks omitted).

### B.     Statutory Bad Faith Denial or Delay of Insurance Benefits

Section 10–3–1115 provides in relevant part:

> A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant . . .
>
> [F]or the purposes of an action brought pursuant to this section and section 10–3–1116, an insurer's delay or denial was unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

Colo. Rev. Stat. § 10–3–1115(1)(a), (b)(II)(B)(2). Pursuant to § 10–3–1115, an insurer who delays or denies payment to its insured without a reasonable basis breaches its statutory duty of good faith and fair dealing. *See Canady v. Nationwide Affinity Ins. Co. of Am.*, No. 19-cv-00344-RBJ, 2020 WL 376494, at *3 (D. Colo. Jan. 23, 2020). To prove a claim of unreasonable delay or denial, an insured must demonstrate that: (1) the insurer delayed or denied payment of benefits to the insured, and (2) the delay or denial was without a reasonable basis. *See Am. Family Mut. Ins. Co. v. Barriga*, 418 P.3d 1181, 1185–86 (Colo. 2018). Thus, to state her statutory bad faith

11

insurance claim, Ms. Ryals must allege that American Family denied payment of benefits to her, and that this denial of payment was without a reasonable basis. *See id.*

### C. Application

According to Defendant, the "only relevant factual allegations set forth" in the Complaint are as follows: "American Family issued an insurance policy to Plaintiff pertaining to her home in Littleton, CO[;] Plaintiff's home sustained damage from a July 24, 2018 storm[;] American Family opened a claim, assigned an adjuster to the claim, and generated an estimate for property repair and payment[;]" and "Plaintiff then retained a public adjuster who wrote a competing estimate dated July 16, 2019 (more than a year after the storm)[3] for repair of the property damage which totaled $102,627.37 and accounted for removal and replacement of all roofing material as well as roof metals (vents, drip edge, flashing, and valley metal), gutters and downspouts, and fencing." [#10 at 3–4 (citing [#5 at ¶¶ 1, 6, 8–14])]. Defendant also argues that many of Plaintiff's allegations "are no more than conclusory allegations that American Family improperly adjusted the claim, without any factual support for those assertions," and cites to decisions from the District of Colorado wherein conclusory allegations of unreasonable conduct similar to those alleged by Ms. Ryals were found insufficient to survive a Rule 12(b)(6) motion for dismissal. [#10 at 4–5 (collecting cases)].

Plaintiff counters with little more than a recitation of the elements of her claims and perfunctory citations to allegations in the Complaint. *See, e.g.*, [#16 at ¶¶ 7–9 (citing [#5 at ¶¶ 12–14])]. Indeed, Plaintiff's Response to the Defendant's Motion to Dismiss is largely vague and conclusory, and fails to meaningfully respond to the issues raised in the Motion to Dismiss. *See,*

---

[3] Contrary to Defendant's assertion, Plaintiff alleges in her Complaint that the hailstorm occurred on or around July 24, 2018, *see* [#5 at ¶ 7], necessarily less than (though nearly) a year from the July 16, 2019 date of the public adjuster's estimate.

*e.g.*, [#16 at ¶ 7 ("Here, Plaintiff's Original Complaint pleas with specificity how Defendant's refusal to make proper payment to Plaintiff was without reasonable justification under the circumstances and was committed knowingly or with reckless disregard for the validity of Plaintiff's claim.") (citing [#5 at ¶¶ 12–14]); *id.* at ¶ 8 ("Here, Plaintiff's Original Complaint demonstrates the unreasonable nature of the Defendant's investigation and Defendant's failure to properly quantify Plaintiffs' [sic] damages.") (citing [#5 at ¶¶ 12–14])].

The allegations relied on by Plaintiff in her Response, as to Claims 2 and 3, are set forth in Section II *supra*. On Reply, Defendant maintains that the foregoing allegations fail to plausibly allege that Defendant acted unreasonably "apart from denying and continuing to deny a full roof replacement as demanded by Plaintiff," and are thus insufficient as a matter of law to allege unreasonable conduct. [#17 at 3]. Defendant also reiterates that Plaintiff's bald allegations that Defendant "intentionally and knowingly" underpaid Plaintiff fall far short of stating a claim for relief. [*Id.* at 3–4]. This court respectfully agrees with Defendant, and finds that the allegations set forth in Plaintiff's Complaint fail to allege the requisite unreasonable conduct by Defendant to state an insurance bad faith claim under Colorado statutory or common law.

***Unreasonable Conduct.*** As Defendant points out, absent from the Complaint are any (non-conclusory) allegations that Defendant "failed to promptly investigate the claim, . . . pay undisputed benefits, . . . review the information put forth by Plaintiff or her public adjuster, or otherwise acted unreasonably[.]" [#17 at 3]. At best, Plaintiff alleges that she and the public adjuster she independently retained—nearly a year after the July 2018 hailstorm underlying her claim under the Policy—disagreed with Defendant's estimate of the value of her claim. Without more, Plaintiff's disagreement with Defendant's valuation of her claim and conclusory allegations that Defendant acted unreasonably in denying a full roof replacement contrary to recommendations

13

made in a competing estimate, initiated nearly a year after the hailstorm underlying her claim, do not give rise to a cognizable claim. *See Canady*, 2020 WL 376494, at *4 ("An insured should not be allowed to automatically accuse an insurer of bad faith in every situation in which the insurer disagrees with the insured about the value of a claim."); *Anderson v. Am. Nat'l Prop. and Cas. Co.*, No. 17-cv-03016-KMT, 2020 WL 406077, at *11 (D. Colo. Jan. 23, 2020) (granting summary judgment in insurer's favor in part because "reasonable value disputes are not evidence of bad faith or unreasonable conduct"); *Musel Master, LLC v. Am. Family Mut. Ins. Co.*, No. 18-cv-2725-RBJ, 2019 WL 9244886 (D. Colo. June 24, 2019) (conclusory allegations that insurer acted unreasonably by denying an insurer's claim to a full roof replacement despite a competing report submitted to the insurer more than a year after the underlying damage-causing event failed to state a plausible bad faith claim).

And Plaintiff's remaining allegations fall short of saving her claims. Many of the allegations in the Complaint appear to include only boilerplate language applicable to any insurance contract claim generally, devoid of any specific factual information, and often referring to Ms. Ryals either plurally or with male pronouns. *See, e.g.*, [#5 at ¶ 15 ("<u>Plaintiffs</u> relied on Defendant . . . to properly adjust the claim regarding the Property . . . ."); *id.* at ¶ 16 ("Defendant failed to perform its contractual duties to adequately compensate <u>Plaintiffs</u> under the terms of the policy."); *id.* at ¶ 17 ("Defendant . . . sold the Policy to <u>Plaintiffs</u>, making various statement and representations to <u>Plaintiffs</u> that the Property would be covered."); *id.* at ¶ 29 (" . . . forcing Plaintiff to have to seek legal action to enforce <u>his</u> right to benefits, incur [sic] unreasonable cost and delay to <u>his</u> detriment.")] (emphases added). And, to the extent Plaintiff alleges that the "necessary items" omitted in Defendant's estimate "are covered and required under the International Building Code and/or International Residential Code," she fails to identify any

14

specific provision(s) of the codes that the repair method reflected in Defendant's estimate failed to satisfy. [#5 at ¶ 10]. For instance, there are no factual allegations to suggest that Plaintiff identified specific deficiencies to Defendant regarding its adjuster's evaluation or estimate. Absent any additional factual allegations, Plaintiff's conclusory allegations that Defendant's estimate failed to reflect repairs required under international codes are insufficient to support her claims. *See Canady*, 2020 WL 376494, at *4 ("The conclusory allegation that replacement of the entire roof was required by codes or standards, without identifying those [specific] codes or standards, is not sufficient.").

Thus, I conclude that Plaintiff fails to plead facts sufficient to demonstrate that American Family acted unreasonably in declining to compensate her for the full replacement of the Property's roof upon presentation of a competing estimate generated nearly a year after the hailstorm underlying Plaintiff's claim under the Policy. As such, Claims Two and Three are properly dismissed for failure to state a claim.

***Knowledge or Reckless Disregard.*** Because an insurer's unreasonable conduct is an essential element of both a common law and statutory bad faith insurance claim, Plaintiff's second and third claims for relief fail on this basis alone. Nevertheless, this court further notes that Plaintiff's bald allegations that Defendant "intentionally" and "knowingly," *see* [#5 at ¶¶ 12, 13], underpaid her claim is a "naked assertion devoid of further factual enhancement" in the Complaint. *See Iqbal*, 556 U.S. at 678; *Villa Maison Homeowners Assoc., Inc. v. Owners Ins. Co.*, No. 17-cv-01542-RM-KMT, 2018 WL 11182673, at *4 (D. Colo. July 9, 2018) (granting motion to dismiss insured's common law and statutory bad faith claims against insurer for failure to state a claim). Thus, Plaintiff fails to adequately plead both elements of her common law bad faith breach of insurance contract claim against Defendant. *See Kisselman*, 292 P.3d at 970.

For the foregoing reasons, I conclude that Plaintiff has not stated a claim for bad faith breach of insurance contract under Colorado common law or unreasonable delay/denial under Colo. Rev. Stat. §§ 10–13–1115 and 10–3–1116.

Accordingly, Defendant's Motion to Dismiss is **GRANTED** and Claims Two and Three of Plaintiff's Complaint are **DISMISSED without prejudice**.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Defendant's Motion to Dismiss [#10] is **GRANTED** and all claims against Defendant are **DISMISSED without prejudice**.

DATED: March 5, 2021                                     BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge